IN THE CHANCERY COURT OF BRADLEY COUNTY, TENNESSEE

CHECK INTO CASH, INC.,

    Plaintiff,

v.

DEBT MANAGEMENT PARTNERS, LLC,

    Defendant.

NO. 2016-CV-117

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR INJUNCTIVE AND OTHER RELIEF

---

The Plaintiff, through counsel, sues the Defendant, Debt Management Partners, LLC, and would show the Court the following:

1. Check Into Cash, Inc. is a Delaware corporation with its principal place of business in Bradley County, Tennessee.

2. Defendant, Debt Management Partners, LLC is Delaware limited liability company that does business in the State of Tennessee. Defendant may be served with process at 200 John James Audubon Parkway #102, Amherst, NY 14228, c/o the Tennessee Secretary of State pursuant to the Tennessee Long Arm Statute.

3. Jurisdiction and venue are proper in this court.

4. On or about March 26, 2015, Plaintiff entered into a Purchase and Sale Agreement with Defendant in which Plaintiff agreed to sell certain of its charged-off accounts to Defendant. A copy of the Purchase and Sale Agreement is attached hereto as Exhibit A.



5. Section 11.3 required Defendant to give prior notice and obtain Plaintiff's permission prior to reselling the purchased accounts.

6. Section 11.4 prohibits any transfer or assignment without the prior written consent of Plaintiff.

7. Plaintiff required such notice so that it could ensure the subsequent purchaser was appropriately licensed and would engage in lawful collection practices.

8. Plaintiff discovered in May of 2016 that Defendant had sold over 57,000 accounts purchased in the Purchase and Sale Agreement to third party debt collectors in January of 2016 without complying with Section 11.3 of the agreement.

9. Upon information and belief, the accounts have been resold on multiple occasions, and the third party collectors have engaged in unlawful collection activities.

10. The activities of the third party collectors include, but are not limited to, threats of arrest, harassment at the debtor's place of work, false representation of identity, threats for arrest warrants and criminal lawsuits, and failure to provide required statements to debtors in communications.

11. As a result of the activities of the third party collectors, Plaintiff has received numerous consumer complaints from consumers, law firms, and the Consumer Financial Protection Bureau.

12. Section 8 of the Purchase and Sale Agreement obligated Defendant to indemnify and hold Plaintiff harmless for "all claims, actions, losses, liability, damages, costs and expenses (including reasonable attorneys' fees)" as a result of any breach of the Purchase and Sale Agreement.

13. Defendant has willfully breached the Purchase and Sale Agreement in several respects, including but not limited to transferring the purchased accounts in violation of Sections 11.3 and 11.4.

14. Plaintiff has suffered and continues to suffer damages as a result of Defendant's breaches of the Purchase and Sale Agreement.

15. Upon information and belief, Defendant and its assigns have failed and refused to cease collection efforts regarding the purchased accounts despite Plaintiff's demand to Defendant.

16. Plaintiff will suffer irreparable harm if a restraining order and temporary injunction are not entered pending a final hearing (1) prohibiting Defendant from selling the purchased accounts or holding itself out as collecting the accounts on behalf of Plaintiff, (2) requiring Defendant to disclose the identities of all purchasers of the accounts, and (3) prohibiting any further assignment of purchased accounts for collection purposes unless Plaintiff approves of such collection agency.

17. Plaintiff is entitled to a declaratory judgment, pursuant to T.C.A. §29-14-101, et seq., that the Defendant's sale of the purchased accounts was void and Defendant is obligated to reacquire the accounts that it wrongfully sold.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that the Defendant be served with this Complaint on its agent and, after all due proceedings, judgment be entered in Plaintiff's favor and against Defendant as follows:

    a. That Plaintiff recover compensatory damages in an amount to be

3

determined at trial;

b. That the Court order injunctive relief pending the final hearing (1) prohibiting Defendant from selling the purchased accounts or holding itself out as collecting the accounts on behalf of Plaintiff, (2) requiring Defendant to disclose the identities of all purchasers of the accounts, and (3) prohibiting any further assignment of purchased accounts for collection purposes unless Plaintiff approves of such collection agency;

c. That the Court enter a declaratory judgment as requested herein.

e. That Plaintiff recover its attorney's fees and costs, including discretionary costs;

f. That the Court award such other legal and equitable relief to which Plaintiff may be entitled.

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE. NO OTHER JUDGE HAS DENIED THE RELIEF SOUGHT HEREIN.

Respectfully submitted,

HORTON BALLARD & PEMERTON

By: _____
William H. Horton, BPR No. 1935
735 Broad Street, Suite 306
Chattanooga, TN 37402
(423) 826-2640
Attorneys for Plaintiff

4

STATE OF TENNESSEE   )
COUNTY OF BRADLEY    )

    I, Leigh Anna Hollis, Chief Compliance Officer of Check Into Cash, Inc., plaintiff in the above action, after first being sworn according to law make oath that the facts and matters stated in the foregoing Sworn Complaint are true to the best of my knowledge, information, and belief.

CHECK INTO CASH, INC.

By: _____

    Before me, a Notary Public, duly appointed, commissioned and qualified in and for the State and County aforesaid, personally appeared Leigh Anna Hollis, with whom I am personally acquainted, and who, upon oath, acknowledged herself to be Chief Compliance Officer of Check Into Cash, Inc., and that she, being authorized to do so, executed the foregoing instrument for the purpose therein contained, by signing the name of the company by herself as Chief Compliance Officer.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal on this the __19__ day of May, 2016.

_____
NOTARY PUBLIC

My commission expires: __5/22/19__

IN THE CHANCERY COURT OF BRADLEY COUNTY, TENNESSEE

CHECK INTO CASH, INC., :
: NO. 2016-CV-117
    Plaintiff, :
:
v. :
:
DEBT MANAGEMENT PARTNERS, LLC, :
:
    Defendant. :

## TEMPORARY RESTRAINING ORDER

This matter came for hearing on the 26 day of May, 2016 upon the Sworn Complaint filed by Plaintiff. Having considered the sworn allegations and for good cause shown, it is hereby

ORDERED that pending further order of the Court, Defendant is restrained from (a) selling the accounts purchased from Plaintiff pursuant to the Purchase and Sale Agreement dated March 26, 2015, (b) holding itself out as collecting the purchased accounts on behalf of Plaintiff, and (c) making any further assignment of purchased accounts for collection purposes unless Plaintiff approves of such collection agency. It is further

ORDERED that Bond in the amount of $20,000 be set. It is further

ORDERED that unless Defendant requests an immediate hearing on whether this Restraining Order should continue, the hearing shall be as set forth in the show cause

order.

ENTERED THIS 26 day of May, 2016, at 9:18 A.M.

_____
CHANCELLOR

APPROVED FOR ENTRY:

HORTON, BALLARD & PEMERTON

By: _____
William H. Horton, BPR No. 1935
Attorneys for Plaintiff
735 Broad Street, Suite 306
Chattanooga, Tennessee 37402
(423) 826-2640
(423) 826-2639 facsimile

2

IN THE CHANCERY COURT OF BRADLEY COUNTY, TENNESSEE

CHECK INTO CASH, INC.,

    Plaintiff,

v.

DEBT MANAGEMENT PARTNERS, LLC,

    Defendant.

NO. 2016-CV-117

## SHOW CAUSE ORDER

Upon application of Plaintiff, by and through counsel, for issuance of a temporary restraining order and it appearing from the Sworn Complaint filed in this action that the rights of the Plaintiff are threatened to be violated by the Defendant and that the Plaintiff may suffer immediate and irreparable injury, loss, or damage if the temporary restraining order is not issued; it is hereby

ORDERED that the Defendant shall appear before the undersigned at 9:00 A.M. on the 6 day of June, 2016, and show cause why this temporary restraining order should not convert to a temporary injunction pending a final hearing of this cause.

ENTERED THIS 26 day of May, 2016, at 9:18 A.M.

_____
CHANCELLOR

APPROVED FOR ENTRY:

HORTON, BALLARD & PEMERTON

By: _____
William H. Horton, BPR No. 1935
Attorneys for Plaintiff
735 Broad Street, Suite 306
Chattanooga, Tennessee 37402
(423) 826-2640
(423) 826-2639 facsimile

2